**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4750**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYSHAWN R. WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (CR-04-397)

Submitted: March 30, 2006                          Decided: April 5, 2006

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Taylor B. Stone, BREMNER, JANUS, COOK & MARCUS, Richmond, Virginia, for Appellant.   Paul J. McNulty, United States Attorney, Michael Steven Dry, Stephen W. Miller, Assistant United States Attorneys, Christopher M. Kelly, Third-Year Law Student, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rayshawn R. Williams appeals his jury conviction and fifty-seven month sentence for being an unlawful user of narcotics in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (2000). Williams' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting the evidence was insufficient to support his conviction and challenging the district court's obstruction of justice enhancement of Williams' sentence, but stating that he found no meritorious grounds for appeal. Williams did not file a pro se supplemental brief despite being notified of his opportunity to do so. Finding no reversible error, we affirm.

Construing the evidence in the light most favorable to the Government, we conclude that the evidence was sufficient to support Williams' conviction. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998) (holding that appellate court does not review credibility of witnesses and assumes jury resolved all contradictions in testimony in favor of the government). The parties stipulated that Williams was a user of illegal drugs at the time of his arrest and that the firearm affected interstate commerce, and one police officer testified Williams admitted he had obtained the gun.

Williams also asserts that the district court erroneously determined that he testified falsely and in applying an obstruction

of justice enhancement pursuant to U.S. Sentencing Guidelines Manual § 3C1.1. When the guidelines are applied as advisory, the court need only make factual findings by a preponderance of the evidence, United States v. Bryant, 420 F.3d 652, 655-56 (7th Cir. 2005), and its fact finding concerning obstruction of justice is reviewed for clear error, United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). We find no such error. The testimony of arresting police officers conflicted with Williams' testimony that he was not given Miranda warnings and that he had told the officers he knew nothing of the gun. By convicting him, the jury clearly rejected Williams' testimony.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Williams' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because

- 3 -

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED